IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| MARGARET ARNOLD, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-02876-TMP |
| | ) | |
| ROBERT WILKIE, SECRETARY OF | ) | |
| THE DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | |
| | ) | |
|     Defendant. | ) | |

_____

**ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS CASE AS
TIME-BARRED**

_____

Before the court are defendant Secretary Robert Wilkie's Motion to Dismiss for Failure to State a Claim and the United States' Motion to Dismiss Case as Time-Barred.[1] (ECF Nos. 19, 21.) Plaintiff Margaret Arnold, in her role as administrator of Harry Lanier's estate, filed her complaint against the Secretary on December 2, 2020, for violations of the Federal Tort Claims Act ("FTCA"). (ECF No. 1.) The Secretary filed a Motion to Dismiss for Failure to State a Claim on August 18, 2021, while also moving to substitute the United States as the proper defendant. (ECF No. 19.) That same day, the United States filed a Motion to Dismiss

---

[1]Both parties have consented to the magistrate judge's authority to conduct all proceedings in this case, including the entry of final judgment, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 24.)

Case as Time-Barred.[2] (ECF No. 21.) For the reasons set forth below, the Motion to Dismiss Case as Time-Barred is GRANTED and the Motion to Dismiss for Failure to State a Claim is DENIED as moot.

## I.   BACKGROUND

### A.   Arnold's Allegations Against the Secretary

Arnold's uncle, Harry Lanier, was hospitalized in 2018 after falling in his home.[3] (ECF No. 1 at 2.) After the fall, he began regularly seeking care from the Veterans Administration Hospital in Memphis, Tennessee. (Id.) During Lanier's time at the Hospital, he received care that was "insufficient, negligent, and improper." (Id. at 2-3.) The Hospital was aware that Lanier was unsteady on his feet and remained at risk of further falls, but he frequently fell while under their supervision. (Id. at 3.) These falls caused neurological damage and Lanier's health further deteriorated. (Id.)

Rather than remedy these issues, the Hospital sent Lanier to Lakeside Hospital "for neurological assessment." (Id.) At Lakeside, Lanier was "doped, lost his memory and ability to think,

---

[2]While not technically a party, the United States filed this motion in order to preserve statute of limitations defenses available upon substitution into the case. (ECF No. 21 at 1, n.2).

[3]Since these facts are considered in the context of a Motion to Dismiss, the court accepts all allegations in the complaint as true. Briggs v. Westcomb, 801 F. App'x 956, 958-59 (6th Cir. 2020).

and ironically, became even more disoriented and an even greater falling risk." (Id.) It is unclear if Lanier was ever transferred back to the Veterans Administration Hospital. Regardless, Lanier's falls and inadequate care "contributed to and/or [were] the cause of his death" in March 2019.[4] (Id.) Arnold also alleges that more details exist in "her appended notes on the allegations of negligence attached to her Standard Form 95" that the defendant has failed to provide. (Id.)

B.   **The Procedural History of Arnold's Claim**

Arnold filed a Claim for Damage, Injury, or Death with the Department of Veterans Affairs at some point after Lanier's death. (Id. at 5-6.) She alleged $2 million in total damages and alleged that the Veterans Administration Hospital in Memphis had failed "to provide appropriate care after [Lanier] fell at their facility." (Id.) On June 19, 2020, the Department informed Arnold via Certified Mail that it had investigated the charge and "concluded that there was no negligent or wrongful act on the part of an employee of the VA." (Id. at 7.) The Department also informed Arnold that since "Dr. S. Einhaus" and Lakeside Behavioral Health System were government contractors, the Department was not liable

---

[4]In Arnold's administrative complaint, she indicated that the "date and day of accident" was March 2018, rather than 2019. (ECF No. 1 at 5.) However, this appears to be a typographical error and the defendant has not contested the March 2019 date contained in the complaint.

for their acts or omissions under the FTCA. (Id.) Finally, the
Department notified Arnold that she could still file her claim in
federal court as long as the action was filed within six months of
June 19, 2020, and brought against "the United States, not the
Department of Veterans Affairs." (Id.)

On December 2, 2020, Arnold (through counsel) filed suit
against the Department of Veterans Affairs. (ECF No. 1.) Attached
to her complaint was an application to proceed *in forma pauperis*,
which violated Rule 5 of the Federal Rules of Civil Procedure.
(ECF No. 1-3.) The Clerk's Office noted this error and ordered
Arnold to file the application as a separate motion within one
business day. (ECF No. 6.) Arnold did not respond. The case
lingered for over three months, causing the court to issue an Order
to Show Cause on March 16, 2021. (ECF No. 7.) The presiding
district judge explained that 90 days had passed without Arnold
demonstrating service of process in violation of Rule 4(m) of the
Federal Rules of Civil Procedure and ordered Arnold to respond by
March 29, 2021. (Id.) Arnold responded on March 29, 2021. (ECF No.
8.) Arnold stated that the Clerk's order regarding the *in forma
pauperis* error "was missed, neglected, and/or not seen," and that
the Clerk had not issued summons because the error by counsel had
not been corrected. (Id. at 1.) Arnold requested until April 13,
2021, to file a separate Motion for Leave to Proceed *in forma
pauperis* and have the resulting summons served. (Id. at 1-2.) The

- 4 -

district judge granted the requested extension that same day. (ECF
No. 9.) A separate Motion for Leave to Proceed *in forma pauperis*
was then filed on April 2, 2021. (ECF No. 10.) However, summons
did not issue by the new deadline, and Arnold filed another motion
to extend the service deadline to April 27, 2021. (ECF No. 11.)
The district judge granted that extension and Arnold's Motion for
Leave to Proceed *in forma pauperis* on April 15, 2021. (ECF No.
12.) Summons was issued the next day. (ECF No. 13.)

    The court did not hear from Arnold for another two months. On
June 10, 2021, the district judge entered a Second Order to Show
Cause, giving Arnold until June 24, 2021, to demonstrate why the
case should not be dismissed for violating the April 27 deadline.
(ECF No. 14.) Arnold responded by filing an executed summons that
had been served on the U.S. Attorney's Office on June 24, 2021.
(ECF No. 15, 16.) In a separate filing, her counsel stated that he
had "neglected to follow through to make sure service had been
completed." (ECF No. 17.) The district judge then docketed an
"Order Acknowledging Plaintiff's Service of Process." (ECF No.
18.) In this order, the court stated that the deadline for service
under Rule 4(m) had been April 27, 2021, but that Arnold had
"finally filed proof of service on Defendant on June 24, 2021."
(Id.) The Secretary responded to the summons on August 18, 2021,
by filing a Motion to Dismiss for Failure to State a Claim and
moving to substitute the United States as the proper defendant.

- 5 -

(ECF Nos. 19.) The same day, the United States filed its Motion to Dismiss the Case as Time-Barred. (ECF No. 21.) Arnold filed a response on September 16, 2021, and the Secretary filed a reply on September 30, 2021. (ECF Nos. 23, 32.) The parties consented to the jurisdiction of the magistrate judge on September 17, 2021. (ECF No. 24.)

## II.  ANALYSIS

### A.  Substitution of the United States as the Proper Defendant

As a preliminary matter, Arnold's case can only proceed if the United States is substituted as the proper defendant. FTCA cases must be pled against the United States of America, not an agency or officer. Jude v. Comm'r of Soc. Sec., 908 F.3d 152, 157 n.4 (6th Cir. 2018) (citing 28 U.S.C. § 2679(a); 28 U.S.C. § 1346(b)). Arnold sued the Department of Veterans Affairs, not the United States, and this error prevents her FTCA claims from advancing. See DMC-Memphis, Inc. v. Mutual of Omaha Ins. Co., 105 F. App'x 671, 675 (6th Cir. 2004) (stating that it is "more than clear that [an agency] could not be named in lieu of the United States.") While Arnold has not formally moved to amend her complaint, the Secretary has requested that the court substitute the United States as the proper defendant, (ECF No. 19 at n.1), and Arnold consents to this in her response, (ECF No. 23 at 2). Based on the consent of all parties, the United States is hereby substituted as the proper defendant.

The court notes that there is some disagreement as to how to treat such a substitution under the Federal Rules.[5] <u>Compare</u> Fed. R. Civ. P. 15(a)(2) (authorizing the amendment of pleadings with the opposing party's written consent when not within 21 days of the pleading's initial filing) <u>with</u> Fed. R. Civ. P. 21 (allowing a court to "at any time, on just terms, add or drop a party"); <u>Peguese v. PNC Bank, N.A.</u>, 206 F.R.D. 540, 544 (E.D. Mich. 2015) ("The Sixth Circuit has not determined in a published decision 'whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action.'") (quoting <u>Broyles v. Corr. Med. Servs., Inc.</u>, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009)). Ultimately, the fact that all parties have consented to the substitution makes its treatment

---

[5]Both Rule 15 and Rule 21 allow for the substitution, addition, and subtraction of parties. However, Rule 21 requires the use of a court order, while Rule 15 does not if the change is requested within a specific time frame or if the opposing party consents. While there has been a trend towards allowing plaintiffs to add or substitute parties through complaint amendments as a matter of right under Rule 15(a)(1), rather than needing a court order under Rule 21, these cases have never addressed a situation where both parties consent to the substitution. See <u>Fairfield Development, Inc. v. J.D.I. Contractor & Supply, Inc.</u>, 782 F. Supp. 2d 1205, 1207 (D. Colo. 2011) ("Motions to add or substitute parties are considered motions to amend and therefore must comply with Rule 15(a)") (quoting <u>United States ex rel. Ritchie v. Lockheed Martin Corp.</u>, 558 F.3d 1161, 1166 (10th Cir. 2009)); <u>see also</u> <u>Huff v. AGCO Corp.</u>, No. 5:17-CV-354-KKC, 2018 WL 2113195, at *3, (E.D. Ky. May 8, 2018) (stating that applying Rule 15(a)(1) where its 21 day limit has not passed is "the majority view" and collecting cases). The court acknowledges the conflicting authority and robust discussion here but leaves the resolution of this problem for another day.

under the Rules irrelevant to the outcome of this motion. As will be discussed below, regardless of whether the United States is added under Rule 21 or Rule 15, Arnold's procedural delays result in the complaint being time-barred.

## B.   The Statute of Limitations on FTCA Claims

To avoid dismissal for failure to state a claim under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

The United States argues that Arnold's claim is barred by the FTCA's statute of limitations.[6] The statute of limitations is an

---

[6]The United States argues that since Arnold did not address this argument in her response, she "has waived any argument that the Complaint was timely filed and served on the United States." However, the authority cited for this proposition relies on the Local Rules of a different district court. See Grizzell v. Mountain Nat'l Bank, No. 12-401, 2014 WL 4245989, at *1 (E.D. Tenn. Aug.

affirmative defense to any claim, and generally, a plaintiff "need not plead the lack of affirmative defenses to state a valid claim" under Rule 12(b)(6). Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012). However, where "the allegations in the complaint affirmatively show that the claim is time-barred," then dismissing a case under Rule 12(b)(6) due to the statute of limitations may be appropriate. Id. The FTCA contains a two-part statute of limitations for cases brought in federal court. First, the claimant must present the claim "to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Second, after the claim is "finally denied by the agency in writing," 28 U.S.C. § 2675(a), the claimant must file in federal court "within six months after the date of mailing, by certified or registered mail, of notice of final denial," 28 U.S.C. § 2401(b). A claimant must satisfy both requirements to bring a valid FTCA claim. Ellison v. United States, 531 F.3d 359, 361-62 (6th Cir. 2008) (collecting cases); see also Auto-Owners Ins. Co. v. United States, No. 3:05 CV 7038, 2005 WL 1863827, at *2 (N.D. Ohio Aug. 4, 2005) ("Compliance with the statute of limitations is a jurisdictional pre-requisite to maintaining a cause of action

---

26, 2014) ("The local rules of this Court provide that the failure to respond to a Motion is deemed to be a waiver of any opposition to the relief sought") (cited at ECF No. 32 at 2). This court's rules do not contain such a provision.

under the FTCA.") (citing <u>Blakely v. United States</u>, 276 F.3d 853, 865 (6th Cir. 2002)).

It is undisputed that Arnold satisfied the first part of the FTCA's statute of limitations. Her claim was brought before the Department of Veterans Affairs within two years of accrual and was denied by the agency in writing. (ECF No. 1 at 6-7.) Further, Arnold filed in federal court on December 2, 2020, within six months of her notice of final denial on June 19, 2020. (<u>Id.</u>) However, Arnold sued the Secretary of the Department of Veterans Affairs, not the United States. Indeed, the United States was sued only upon finally being substituted as the proper defendant via this order. As the Sixth Circuit has described, "since [plaintiff's] exclusive remedy was against the United States and since the United States was not named as a party to the suit until well after the six-month limitations period had passed, the [] court is without jurisdiction to hear [plaintiff's] claim unless [her] amended complaint 'related back' to [her] original timely but flawed complaint under Fed. R. Civ. P. 15(c)." <u>Allgeier v. United States</u>, 909 F.2d 869, 871 (6th Cir. 1990).

The Sixth Circuit addressed an identical situation in <u>Allgeier</u>, where the plaintiff sued the United States Postal Service for FTCA claims within the six-month time period but did not seek to amend his complaint and list the United States as the proper defendant until after the six-month period had passed. Allgeier's

claim could only continue if his amendment related back to his original complaint under Rule 15(c). Determining whether an amendment substituting a party should relate back involves determining whether the substituted party "had sufficient notice of [the original] action." Id. at 872. Amendments substituting the government as a party will relate back to the original complaint "if, during the *stated period*, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(2) (emphasis added). The "stated period" is defined as the time period provided by Rule 4(m) for serving the original summons and complaint. Fed. R. Civ. P. 15(c)(1)(C); see also Lewis v. Dep't of Treasury, Bureau of Alcohol, Tobacco and Firearms, No. 99-CV-74662-DT, 2000 WL 263820, at *3 (E.D. Mich. Feb. 25, 2000) (noting that since Allgeier was decided, Rule 15(c) has been amended to incorporate Rule 4(m)). Rule 4(m) gives a plaintiff 90 days to serve the complaint, or any "specified time" that the court orders beyond those 90 days. Fed. R. Civ. P. 4(m).[7] In short, for the substitution of the United

---

[7]While there is perhaps some ambiguity as to whether the "stated period" in Rule 15(c)(3) refers solely to the enumerated 90-day period in Rule 4(m), the Advisory Committee's notes suggest that the stated period includes any extension ordered by the court beyond those 90 days. Fed. R. Civ. P. 15(c)(3) advisory committee's note to 1991 amendments ("In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the [90] days specified in that rule, but also any additional time

States to relate back to Arnold's original timely complaint, the United States attorney or Attorney General must have been served with the original complaint within 90 days of its filing, or within a court-specified time beyond that period. If the substitution does not relate back, then Arnold's complaint is barred by the FTCA's statute of limitations.[8]

In this case, the United States attorney was served with the complaint 204 days after it was filed. Compare (ECF No. 1) (filed on December 2, 2020) with (ECF Nos. 15-16) (Summons Returned Executed on June 24, 2021). However, the Rule 4(m) service deadline was extended twice by the district judge: first to April 13, 2021

---

resulting from any extension ordered by the court pursuant to that rule.")

[8]The court finds that the relation back rules under Rule 15(c) govern regardless of whether the United States is substituted under Rule 15 or Rule 21. Authority across circuits notes that Rule 21 does "not trump the statute of limitations" and that Rule 15(c)'s requirements must still be satisfied where a defendant is added under Rule 21 outside of the applicable limitations period. Thompson v. Dolgencorp, LLC, 304 F.R.D. 641, 643 (E.D. Okla. 2015); see also Young v. Lepone, 305 F.3d 1, 14 (1st Cir. 2002); Andrews v. Lakeshore Rehabilitation Hosp., 140 F.3d 1405, 1408 (11th Cir. 1998) ("the provisions for joinder of parties under Rule 19 and 21 are not immune from statutes of limitations"); Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 79-83 (E.D. N.Y. 2011) (applying Rule 15(c) relation back principles to a Rule 21 motion to add a party); 7 Wright & Miller, Federal Practice & Procedure § 1688 (3d ed. 2001) ("If the prerequisites prescribed in Rule 15(c) have been met, the addition of a party under Rule 21 should relate back and prevent the successful interposition of a statute of limitations defense.")

(ECF No. 9), and finally to April 27, 2021, (ECF No. 12).[9] Arnold failed to meet these deadlines as well. (ECF Nos. 15-16.) While the court acknowledged the eventual service of process, it nevertheless noted that the Rule 4(m) "deadline to serve Defendant was April 27, 2021." (ECF No. 18.) The court did not extend this deadline a third time; acknowledgment is not the same as excusal. Arnold explicitly requested an extension of the service deadline to June 24, 2020. (ECF No. 17 at 1.) But the order did not grant that request, even though prior orders did so clearly. <u>Compare</u> (ECF No. 12) ("Plaintiff's deadline to serve Defendant is EXTENDED until Tuesday, April 27, 2021.") <u>with</u> (ECF No. 18) ("While the deadline to serve Defendant was April 27, 2021, and the Court was forced to issue *two* Show Cause Orders, Plaintiff finally filed proof of service on Defendant on June 24, 2021. The Court acknowledges that Plaintiff has now obtained service on Defendant.") Since the deadline did not change, service was required by April 27, 2021, for purposes of relation back.

Due to the late service, Arnold's claims can only survive if the FTCA's statute of limitations is excused. The FTCA's statute of limitations "is a condition of the United States' waiver of sovereign immunity" and it "is to be narrowly construed." <u>Chomic</u>

---

[9]The government concedes that these orders validly extended the Rule 15(c) relation back deadline.

v. United States, 377 F.3d 607, 615 (6th Cir. 2004). Extensions of time, or excuses for violations, are typically not within a court's discretion. Id. (citing Kubrick v. United States, 444 U.S. 111, 117-18 (1979)). "Garden variety claim[s] of excusable neglect" are not enough to extend or waive the limitations requirement. Ayers v. United States, 277 F.3d 821, 828 (6th Cir. 2002) (quoting Irwin v. Dep't of Veterans Affairs, 48 U.S. 89, 96 (1990)).

Arnold's counsel candidly admits that his own errors are responsible for these delays. See (ECF No. 8 at 1.) ("For whatever reason, this notice was missed, neglected, and/or not seen by instant counsel."); (ECF No. 17 at 2) ("Plaintiff's counsel in compliance with the last show cause order tendered the dockets to a process server heretofore and neglected to follow through to make sure service had been completed.") Two show cause orders over four months were needed just to effect service from Arnold. (ECF Nos. 7, 14.) Further, Arnold's response does not acknowledge the Motion to Dismiss Case as Time-Barred. (ECF No. 23.) There are no reasons given to excuse these delays. Accordingly, the United States' substitution into the case does not relate back to Arnold's original complaint under Rule 15(c)(2), and Arnold has offered no reason why her noncompliance with the Federal Rules of Civil Procedure and the FTCA should be excused. Her claims against the United States are time-barred.

### III.   CONCLUSION

Based on the above, the Motion to Dismiss Claim as Time Barred is GRANTED. The Motion to Dismiss for Failure to State a Claim is DENIED as moot.

IT IS SO ORDERED,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 22, 2021
Date